IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA I. KING-CAMERON,　　　　　　　　　　　　Civil No. 05-6209-AA
　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER
　　　　Plaintiff,

　　vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

　　　　Defendant.
_____

Kathryn Tassinari
Mark Manning
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
　　Attorneys for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Nancy A. Mishalanie
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
　　Attorneys for defendant

AIKEN, Judge:

　　　Claimant, Donna King-Cameron, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to

1　- OPINION AND ORDER

obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and for Supplemental Security Income (SSI) disability benefits under Title XVI. 42 U.S.C. §§ 401-33, 1381-83f. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further proceedings as stated below.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for DIB and SSI benefits on March 20, 2002. Tr. 12. She alleged disability, commencing January 5, 1996, due to emphysema, asthma, chronic pneumonia, heart disease, and hepatitis. Tr. 12, 55-58, 318-20. Her applications were denied initially, tr. 12, 40-44, 322-326, and upon reconsideration. Tr. 12, 47-49, 328-330. On June 18, 2004, a short hearing was held before a Administrative Law Judge (ALJ) and then rescheduled to allow plaintiff an opportunity to obtain representation. Tr. 331-35. On October 7, 2004, another hearing was held where plaintiff was represented by an attorney. On January 28, 2005, the ALJ issued a decision denying plaintiff's applications for disability. Tr. 12-20. The Appeals Council denied plaintiff's request for review making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 404.981, 416.1481, 422.210.

## STATEMENT OF THE FACTS

Plaintiff was 45 years old at the time of the hearing. Tr. 340. She left school after the Ninth grade and has not obtained a GED. Tr. 342. Plaintiff has past work experience as a bartender, cleaner, machine washer, and home health aide. Tr.

2   - OPINION AND ORDER

378-381.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

3   - OPINION AND ORDER

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

(1) The ALJ's Findings

At step one, the ALJ found that plaintiff had engaged in intermittent substantial gainful activity since the alleged onset date. Tr. 19, Finding 2. See 20 C.F.R. §§ 404.1520(a)(4)(I),

4    - OPINION AND ORDER

416.920(a)(4)(I). This finding is not in dispute.

At step two, the ALJ found that plaintiff had severe impairments of emphysema and asthma. Tr. 13, 19, Finding 3. See C.F.R. §§ 404.1520(a)(4)(II), 416.920(a)(4)(ii). This finding is not in dispute.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 19, Finding 4. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d). This finding is in dispute.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform modified light/sedentary work, specifically, that she could lift and carry up to 10 pounds occasionally and frequently; stand/walk up to two hours, and sit for up to six hours; and that she should avoid pulmonary irritants. Tr. 20, Finding 6. See 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945. This finding is in dispute.

At step four, the ALJ found that plaintiff was not able to perform any of her past relevant work. Tr. 20, Finding 7. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). This finding is not in dispute.

At step five, the ALJ found that, based on plaintiff's RFC, age, education and work experience, she could perform other work existing in significant numbers in the national economy. Specifically, the jobs of cashier II, addresser, and sedentary assembler. See 20 C.F.R. §§ 404.1520(g), 416.920(g). This finding is in dispute.

///

5   - OPINION AND ORDER

(2) Plaintiff's Assertion of Error - Combination of Plaintiff's Impairments

Plaintiff argues that the ALJ erred in failing to consider whether the combination of plaintiff's impairments, including her pulmonary condition, equaled a Listing.[1] A condition is considered to "equal a listing" if it is equivalent to the listed impairment both in terms of severity and duration, although it does not exactly meet the specified terms. 20 C.F.R. § 404.1526. If a plaintiff is not working and has a severe impairment, step three mandates:

> If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or is equal to a listed impairment, we will find you disabled without considering your age, education, and work experience.

20 C.F.R. § 404.1520(d).

Medical equivalence is established if the medical findings are at least equal in severity and duration to the listed findings. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). A mere statement by the ALJ that a plaintiff does not meet the listing is inadequate. Id. Plaintiff argues that although the ALJ discussed the listing and explained why the new test results did not meet the specific criteria of Listing 3.02, the ALJ failed to address equivalency. See Clifton v. Chater, 79 F.3d 1007, 1009 (9th Cir. 1996)(ALJ is required to discuss the evidence and explain the reasons why claimant's impairment does not meet or equal a listing).

///

---

[1] Listing 3.02 (chronic pulmonary insufficiency).

6   - OPINION AND ORDER

Here, plaintiff presented evidence that she is specifically limited by her pulmonary condition, particularly when it is considered in combination with her other medical conditions, cardiomyopathy and hepatitis. Plaintiff's treating physician states that her medical problems would make it impossible for to work or tolerate working for any significant period of time. Tr. 313. Plaintiff presented evidence to show that her pulmonary condition is very close to the criteria of Listing 3.02. Tr. 311-12. In fact, the ALJ acknowledged that plaintiff's condition "potentially" met the listing, but expressed concern that plaintiff's treating physician, Dr. Jacobson, did not address all the criteria of the listing. Tr. 16. An ALJ is required to discuss the evidence and explain the reasons why plaintiff's impairment does not meet or equal a listing. Clifton, 79 F.3d at 1009.

Plaintiff asserts the case should be remanded for further consideration of this issue. I agree and find that the ALJ did not properly consider this issue under the listings and therefore remand the case to allow the ALJ to address the equivalency issue and to obtain any necessary clarification from Dr. Jacobson.

The court will not address plaintiff's remaining allegations of error finding that remanding the case for further administrative proceedings to complete the record is necessary prior to any further review for alleged error.

## CONCLUSION

The Commissioner's decision is reversed and remanded for further proceedings as specified above.

IT IS SO ORDERED.

7    - OPINION AND ORDER

Dated this __21__ day of July 2006.


                                         /s/ Ann Aiken
                                         Ann Aiken
                         United States District Judge

8   - OPINION AND ORDER